1   Quarles & Brady LLP
    Firm State Bar No. 00443100
2   Renaissance One
    Two North Central Avenue
3   Phoenix, AZ  85004-2391
    TELEPHONE 602.229.5200
4
5   Stephanie J.  Quincy (#014009)
          Stephanie.Quincy@quarles.com
    J. Alexander Dattilo (#030112)
6         Alexander.Dattilo@quarles.com
7   Attorneys for Defendant TEGNA, Inc.

8              IN THE UNITED STATES DISTRICT COURT

9                    DISTRICT OF ARIZONA

10

11  Drew Soicher, a married man,              NO. 2:19-cv-02068-SPL

12                 Plaintiff,                 (Formerly Maricopa County Superior
                                              Court Case No. CV2018-055516)
13          vs.
                                              **DEFENDANT'S ANSWER**
14  TEGNA Inc., a foreign corporation,

15                 Defendant.

16          For its Answer to Plaintiff Drew Soicher's Complaint filed December 14, 2018 (the

17  "Complaint"), Defendant TEGNA Inc. ("Defendant") admits, denies and alleges as follows:

18          1.     Plaintiff Drew Soicher is a resident of Maricopa County, Arizona.

19          **ANSWER: Defendant lacks the knowledge and information necessary to form**

20  **a belief as to the allegations in Paragraph 1 of the Complaint, and therefore denies**

21  **them.**

22          2.     Defendant TEGNA Inc. is a foreign corporation that, upon information and

23  belief, wholly owns KPNX, an Arizona television station.

24          **ANSWER: Defendant admits the allegations in Paragraph 2 of the Complaint.**

25          3.     Defendant caused acts to occur in Maricopa County, Arizona, that give rise

26

1   to this action.

2   **ANSWER: Defendant denies the allegations in Paragraph 3 of the Complaint.**

3   4.   Jurisdiction and venue are proper with the Arizona Superior Court for

4   Maricopa County.

5   **ANSWER: Defendant denies the allegations in Paragraph 4 of the Complaint,**

6   **except to admit that Maricopa County, Arizona is the proper venue for this action.**

7   ## FACTUAL BACKGROUND

8   5.   Soicher was a television sportscaster with defendant TEGNA's Denver

9   television station.

10   **ANSWER: Defendant denies the allegations in Paragraph 5 of the Complaint,**

11   **except to admit that Plaintiff previously worked for Defendant at the television station**

12   **KUSA that broadcasts in Denver, Colorado.**

13   6.   TEGNA promoted its Denver Sales Manager to the General Manager position

14   of TEGNA's Phoenix television station.

15   **ANSWER: Defendant denies the allegations in Paragraph 6 of the Complaint,**

16   **except to admit that it hired Dean Ditmer as General Manager of the television station**

17   **KPNX that broadcasts in Phoenix, Arizona, and that Mr. Ditmer had previously**

18   **worked for Defendant as Sales Manager at KUSA and affirmatively alleges that Mr.**

19   **Ditmer was an employee of another entity at that time.**

20   7.   TEGNA's new Phoenix General Manager met with Soicher and indicated he

21   wanted Soicher to come to Phoenix.

22   **ANSWER: Defendant denies the allegations in Paragraph 7 of the Complaint,**

23   **except to admit that Mr. Ditmer met with Plaintiff.**

24   8.   The General Manager offered Soicher a short term contract to be a

25   sportscaster in Phoenix.

26   **ANSWER: Defendant denies the allegations in Paragraph 8 of the Complaint,**

1  **except to admit that it offered Plaintiff an opportunity to work at KPNX for the period**

2  **of February 8, 2017 through April 4, 2017.**

3      9.      Soicher accepted the contract after the General Manager advised that he

4  wanted to negotiate a long term deal with Soicher but first needed some time to establish

5  Soicher with staff and audience.

6      **ANSWER: Defendant denies the allegations in Paragraph 9 of the Complaint,**

7  **except to admit that Plaintiff accepted the offer referenced in Paragraph 8 of this**

8  **Answer.**

9      10.     Over the next few months Soicher's role expanded at the Phoenix station.

10      **ANSWER: Defendant denies the allegations in Paragraph 10 of the Complaint.**

11      11.     The General Manager even tasked Soicher with developing a plan for the

12  Phoenix sports department with Soicher as the lead sports caster.

13      **ANSWER: Defendant denies the allegations in Paragraph 11 of the Complaint.**

14      12.     Before Soicher's contract expired, it was extended by the General Manager.

15      **ANSWER: Defendant denies the allegations in Paragraph 12 of the Complaint,**

16  **except to admit that it offered Plaintiff an opportunity to work at KPNX for the period**

17  **of April 5, 2017 through June 5, 2017, and that Plaintiff accepted this offer.**

18      13.     A few weeks later Soicher met with the General Manager regarding a

19  proposed long term contact.

20      **ANSWER: Defendant denies the allegations in Paragraph 13 of the Complaint.**

21      14.     The General Manager convinced Soicher that the long term contract was

22  imminent and even suggested a realtor for Soicher to use to find a house in Phoenix.

23      **ANSWER: Defendant denies the allegations in Paragraph 14 of the Complaint.**

24      15.     Based on the General Manager's statements, Soicher moved his family from

25  Denver.

26      **ANSWER: Defendant lacks the knowledge and information necessary to form**

**a belief as to the allegations in Paragraph 15 of the Complaint, and therefore denies them.**

16.     A few weeks later the General Manager invited Soicher to a Diamondbacks baseball game.

**ANSWER: Defendant denies the allegations in Paragraph 16 of the Complaint.**

17.     During the game the General Manager had three large beers.  Soicher does not drink.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 17 of the Complaint, and therefore denies them.**

18.     As the game wore on the General Manager subjected Soicher to loud and unwelcomed racist and sexual comments about co-workers and other patrons in the stadium.

**ANSWER: Defendant denies the allegations in Paragraph 18 of the Complaint.**

19.     Soicher did not join in or respond to the General Manager's comments.

**ANSWER: Defendant denies the allegations in Paragraph 19 of the Complaint.**

20.     As the two left the game, the General Manager's demeanor and attitude toward Soicher changed markedly.

**ANSWER: Defendant denies the allegations in Paragraph 20 of the Complaint.**

21.     Within weeks the General Manager advised Soicher that his responsibilities would be reduced and admitted to Soicher that he had probably told Soicher too much about his co-workers.

**ANSWER: Defendant denies the allegations in Paragraph 21 of the Complaint, except to admit that in early June 2016, Defendant informed Plaintiff that it did not intend to offer him another opportunity to work at KPNX for another discrete period after June 5, 2017.**

22.     On December 21, 2017 filed a written complaint with TEGNA Human

Resources detailing the General Manager's racist and sexist conduct.

**ANSWER: Defendant denies the allegations in Paragraph 22 of the Complaint, except to admit that on December 21, 2017, Plaintiff sent an email containing allegations about Mr. Ditmer to Jessica Hobbs, Human Resources Director.**

23.     Soicher also participated in a telephone interview with TEGNA Human Resources representatives.

**ANSWER: Defendant denies the allegations in Paragraph 23 of the Complaint, except to admit that in January 2018, Plaintiff and his attorney discussed Plaintiff's allegations about Mr. Ditmer with one of Defendant's representatives during a telephone call.**

24.     Ten days later Soicher's employment with TEGNA's Phoenix station ended.

**ANSWER: Defendant denies the allegations in Paragraph 24 of the Complaint.**

25.     Soicher filed a Charge of Discrimination based upon Retaliation with the Arizona Attorney General's Office, Civil Rights Division.

**ANSWER: Defendant denies the allegations in Paragraph 24 of the Complaint, except to admit that Plaintiff filed a Charge with the Arizona Civil Rights Division of the Attorney General's Office.**

26.     On or about September 17, 2018 Soicher received a Right to Sue letter from the Arizona Attorney General's Office, Civil Rights Division.

**ANSWER: Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 26 of the Complaint, and therefore denies them.**

**COUNT ONE**
**ARIZONA CIVIL RIGHTS ACT**
**A.R.S. § 41-1464 Retaliation**

27.     Plaintiff realleges the allegations contained in paragraphs 1-26 as if fully set

forth herein.

**ANSWER: Defendant incorporates all prior paragraphs of this Answer as if fully restated herein.**

28.     Plaintiff engaged in protected activity in opposing and reporting the General Manager's illegal conduct, sexist and racist comments that violated provisions of the Arizona Civil Rights Act, A.R.S. §41-1401 *et seq.*

**ANSWER: Defendant denies the allegations in Paragraph 28 of the Complaint.**

29.     Upon information and belief, plaintiff's protected activity was a substantial factor in defendant's adverse decisions with respect to plaintiff's employment.

**ANSWER: Defendant denies the allegations in Paragraph 29 of the Complaint.**

30.     Defendant's actions are unlawful pursuant to A.R.S. § 41-1464.

**ANSWER: Defendant denies the allegations in Paragraph 30 of the Complaint.**

31.     As a result of defendant's actions plaintiff has been damaged.

**ANSWER: Defendant denies the allegations in Paragraph 31 of the Complaint.**

## PRAYER FOR RELIEF

**32.     Defendant denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief at all.**

**33.     Defendant denies all allegations in the Complaint not expressly admitted herein.**

## ADDITIONAL DEFENSES

**34.     Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.**

**35.     Plaintiff's claim may be barred in whole or in part by the statute of limitations.**

**36.     Without admitting that Plaintiff has suffered damages, Plaintiff has**

1    failed to mitigate his damages, if any, and to offset his alleged damages.

2        **37.**    **Defendant reserves the right to supplement or amend any part of their**

3    **Answer, including affirmative and additional defenses that may be discovered in the**

4    **course of discovery in this matter.**

5        **WHEREFORE,** having fully defended the Complaint, Defendant prays for

6    judgment as follows:

7        1.    Dismissing the Complaint against Defendant with prejudice;

8        2.    For costs, disbursements, and attorneys' fees; and

9        3.    For such other relief as the Court deems just and equitable.

10

11    RESPECTFULLY SUBMITTED this  4th  day of April, 2019.

12                                QUARLES & BRADY LLP
                                  Renaissance One
13                                Two North Central Avenue
                                  Phoenix, AZ  85004-2391
14

15

16                                By:  s/ Stephanie J. Quincy
                                  Stephanie J. Quincy
17                                J. Alexander Dattilo

18                                Attorneys for Defendant TEGNA Inc.

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

    **I HEREBY CERTIFY** that on April 4, 2019, a true and correct copy of the

3

foregoing has been furnished by first-class mail to the following:

4

Drew Soicher

5

13952 East Lupine Avenue
Scottsdale, Arizona  85259

6

7

Courtesy Copy to:
Martin A. Bihn

8

Donna M. McDaniel
BIHN & MCDANIEL, PLC

9

2600 N. Central Ave., Suite 1775
Phoenix, AZ 85004

10

11

 *s/ Dawn McCombs*

12

*An employee of Quarles & Brady LLP*

13

14

15

16

17

18

19

20

21

22

23

24

25

26